**UNITED STATES of America,**

**v.**

**Dwight FAULK, Brian McKee,**
**and Linda Williamson**
**a/k/a Linda West.**

**Criminal Action No. 2:01cr0106–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 8, 2004.

Gregory M. Biggs, George L. Beck Jr. PC, Montgomery, AL, John D. Floyd, Floyd, Floyd & Floyd, Gadsden, AL, George Lamar Beck, Jr., Gregory M. Biggs, Brenton L. Dean, Walton Law Firm PC, Auburn, AL, for Defendant.

John T. Harmon, Verne H. Speirs, Raymond A. Pierson, U.S. Attorney's Office, Montgomery, AL, Charles R. Niven, Montgomery, AL, For Plaintiff.

## ORDER

MYRON H. THOMPSON, District Judge.

Defendants Dwight Faulk, Brian McKee and Linda Williamson were convicted in this court of conspiracy to commit mail fraud, mail fraud, conspiracy to commit money laundering, and money laundering on January 22, 2002. On January 28, 2002, this court entered a preliminary order of forfeiture as to all defendants as required by Fed.R.Crim.P. 32.2(b). In addition to ordering the forfeiture of certain property involved in the above offenses, the order included a money judgment in favor of the United States for $1,106,822.60, which was the amount of money the defendants actually laundered and conspired to launder, and thus was the forfeited "property constituting ... [the] proceeds ... obtained, directly or indirectly, as a result of [the defendants' criminal activity]." 21 U.S.C.A. § 853(a)(1).

Pursuant to Fed.R.Crim.P. 32.2(b)(3), the preliminary order of forfeiture became final as to the defendants when it was made part of their sentences and was included in the judgments entered by this court on May 7, 2002. That forfeited money, for which the defendants are jointly and severally liable, has not been satisfied despite collection efforts by the government.

This case is currently before the court on three motions. First, the government has filed a motion, pursuant to 18 U.S.C.A. § 982(b)(1)(A) (which incorporates by reference 21 U.S.C.A. § 853(p)), to amend the preliminary order of forfeiture to substitute real property belonging to defendant Faulk for the unpaid forfeited money. Second, members of Faulk's family claiming to have purchased or otherwise acquired the property in question from Faulk in April 2004 have moved to intervene to protect their alleged interests in the property and have filed a complaint in intervention setting forth these interests in detail. Finally, in response, the government has filed a motion to dismiss the third parties' complaint in intervention.

For the following reasons, the court will grant the government's motion to amend as well as its motion to dismiss, and will deny the third parties' motion to intervene.

A. The Government's Motion to Amend the Preliminary Order of Forfeiture

Fed.R.Crim.P. 32.2(e)(1)(B) permits the court, on the government's motion, to enter an order of forfeiture or amend an existing order of forfeiture at any time to include substitute property that qualifies for forfeiture under an applicable statute. The applicable statute in this case, 21 U.S.C.A. § 853(p), provides that if any directly forfeited property is unavailable due to an act or omission of the defendant, the court shall order the forfeiture of *any other* property of the defendant up to the value of the original property subject to forfeiture.[1]

---

1. According to 21 U.S.C.A. § 853(p)(1), the    original property is considered unavailable if

■ Thus, to amend the existing order of forfeiture issued by this court, the government must demonstrate to the court's satisfaction that the $1,106,822.60 forfeited under § 853(a) is unavailable due to an act or omission by the defendants.

In support of its contention that the funds to satisfy the money judgment are unavailable for this reason, the government has attached to its motion an affidavit from Special Agent Donna White Cayton of the Alabama Attorney General's office, dated May 7, 2004, attesting to Cayton's unsuccessful efforts to locate the laundered money due to the dissipation of the funds by the defendants. The affidavit concludes, "None of the funds obtained by this fraud or the proceeds of such funds were located during the investigation. The accounts analyzed indicated that the fraud monies were deposited into the bank accounts of Big Wheel Recycling and were paid to the subjects or were used for payment of expenses." [2]

In addition, the government has attached a copy of a letter sent by Assistant United States Attorney John T. Harmon to the defendants' attorneys, dated March 19, 2004, requesting payment of the judgment in full or a proposal of an acceptable payment schedule within 30 days.[3] According to the government, this request went unanswered.

On the basis of these two documents, as well as the defendants' silence on the matter,[4] the court concludes that the United States has satisfied the requirements of § 853(p) and that the original money judgment is unavailable as a result of the defendants' acts and omissions. *See United ed States v. Candelaria–Silva,* 166 F.3d 19, 42 (1st Cir.1999) (requirements of § 853(p) satisfied by government's submission of motion and affidavit attesting that proceeds of drug conspiracy could not be located despite the exercise of due diligence). Both the affidavit and letter demonstrate that the government has been

---

such property, as a result of any act or omission of the defendant—

 "(A) cannot be located upon the exercise of due diligence;
 "(B) has been transferred or sold to, or deposited with, a third party;
 "(C) has been placed beyond the jurisdiction of the court;
 "(D) has been substantially diminished in value; or
 "(E) has been commingled with other property which cannot be divided without difficulty."

**2.** *See* motion to amend filed by the government on June 2, 2004 (Doc. No. 428), Attachment B.

**3.** *Id.,* Attachment A.

**4.** The fact that Faulk offers no justification or alternative version of the facts further persuades the court that the government has satisfied the requirements of § 853(p). In his response to the United States' motion to amend, filed on July 16, 2004 (Doc. No. 432), Faulk makes no mention of any efforts to satisfy the money judgment, nor does he dispute the government's assertion that its March 19, 2004, letter went unanswered. Faulk's only relevant argument is that the government itself is partially at fault for the defendants' failure to satisfy the money judgment because it failed to look first to the sale of assets of Big Wheel Recycling, Inc. (the defendants' corporation involved in the fraud and money laundering) to satisfy the money judgment. Faulk contends that the government refused to sell the interest it had acquired in Big Wheel as part of the preliminary order of forfeiture despite offers from several interested buyers. However, as the government points out in its response to Faulk's response, filed on July 26, 2004 (Doc. No. 438), this court amended the preliminary forfeiture order on November 12, 2003 (Doc. No. 405), to allow the transfer of its Big Wheel stock to AmSouth Bank, the predominant secured lienholder. Thus, contrary to what Faulk suggests, the government does not possess any interest in the recycling company that it can sell to help satisfy the money judgment.

unsuccessful in recovering the funds from the defendants despite the exercise of due diligence. *See* 21 U.S.C.A. § 853(p)(1)(A). In addition, the government has met the requirements of § 853(p)(1)(D) by showing that the laundered money has been substantially dissipated due to the dispersion of funds by the defendants themselves. Therefore, the government's motion to amend the preliminary order of forfeiture will be granted.

However, 21 U.S.C.A. § 853(p)(2) allows for the substitution of property only *up to the value* of the original forfeited property, which in this case is $1,106,822.60. The government's motion, however, does not provide the court with any information about the value of the proposed substitute property. Therefore, while the motion is due to be granted in general, the court cannot grant it without the government having first provided evidence that the substitute property's total value does not exceed the amount of the original money judgment. The court will require that the government provide such evidence.

B. The Third Parties' Motion to Intervene and the Government's Motion to the Dismiss the Complaint in Intervention

Following the government's motion to substitute property, third-parties Stephanie Beverly, Tiffany Fussell, Bethany Quates, C.J. Faulk and Janice Faulk filed a motion to intervene as well as a complaint in intervention asserting interests in the proposed substitute property. The government responded by filing a motion to dismiss the complaint in intervention.

■ Both the motion to intervene and the complaint in intervention are premature and thus procedurally improper. The applicable statute and rules provide for special ancillary proceedings to adjudicate third-party rights *after* a final judgment of forfeiture has been entered. 21 U.S.C.A. § 853(k) specifically prohibits third-parties from intervening in a trial or commencing any action against the United States concerning the validity of their interests in the property except as provided in 21 U.S.C.A. § 853(n). In addition, F.R.Crim. P. 32.2(b)(2) requires this court to direct the forfeiture of specific property "without regard to any third party's interest in all or part of it."

Section 853(n), which according to § 853(k) sets forth the only procedure by which third-parties can assert an interest in forfeited property, provides that following the entry of an order of forfeiture, the United States shall publish notice of the order and its intent to dispose of the property in a manner directed by the Attorney General. In addition, to the extent practicable, the government may directly notify in writing any person known to have an alleged interest in the property subject to forfeiture, "as a substitute for published notice as to those persons so notified." 21 U.S.C.A. § 853(n)(1). Within 30 days of either the final publication of notice or of personal receipt of notice, whichever is earlier, the third-parties may, pursuant to 21 U.S.C.A. § 853(n)(2), petition the court for a hearing to adjudicate the validity of their alleged interests in the property. The court will then conduct an ancillary proceeding in accordance with § 853(n) and F.R.Crim. P. 32.2(c) to adjudicate the validity of these alleged interests.

The third-parties' motion to intervene will therefore be denied. The government's motion to dismiss the complaint in intervention will granted, and the complaint will be dismissed, albeit without prejudice.

For the foregoing reasons, it is ORDERED as follows:

(1) The motion to amend the preliminary order of forfeiture, filed by the government on June 2, 2004 (Doc. No. 428), is granted, subject to the government's pro-

viding by no later than September 17, 2004, evidence that the substitute property's total value does not exceed the amount of the original money judgment.

(2) The motion to intervene, filed by Stephanie Beverly, Tiffany Fussell, Bethany Quates, Janice Faulk and C.J. Faulk on July 16, 2004 (Doc. No. 433), is denied.

(3) The motion to dismiss the complaint in intervention, filed by the government on July 26, 2004 (Doc. No. 437), is granted, and the complaint in intervention is dismissed without prejudice.

## ORDER

By order entered on September 9, 2004, this court granted the government's motion to amend the preliminary order of forfeiture subject to the government's providing by no later than September 17, 2004, evidence that the substitute property's total value does not exceed the amount of the original money judgment. The government has now submitted such evidence, and the defendants, although given a chance, have not objected to the accuracy of this evidence. Accordingly, it is ORDERED the government's motion to amend the preliminary order of forfeiture (Doc. No. 428) is granted unconditionally. A separate amended preliminary order of forfeiture will be entered.